IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARLES HOFFMAN,            )
                            )
    Plaintiff,               )
                            )
        vs.                 )   Civil Action No. 07-28
                            )
MICHAEL J. ASTRUE,          )
Commissioner of Social Security, )
                            )
    Defendant.               )

**MEMORANDUM ORDER**

**I.   INTRODUCTION**

The facts of this case are set out in detail in the Court's opinion of October 23, 2007 (Doc. No. 16, "Opinion"), and will not be reiterated here. Briefly stated, the Court granted Plaintiff's motion for summary judgment in that Opinion, finding that to allow the Commissioner to recoup certain disability insurance benefit overpayments made to Mr. Hoffman would, under all the facts and circumstances of the case, be against equity and good conscience.

On November 5, 2007, Defendant Michael J. Astrue, Commissioner of the Social Security Administration, filed a motion to alter or amend that judgment pursuant to Federal Rule of Civil Procedure 59(e). (Doc. No. 19.) For the reasons discussed below, the motion is denied.

**II.  STANDARD OF REVIEW**

Federal Rule of Civil Procedure 59(e) allows a party to move to amend or alter a judgment within ten days after entry thereof. A motion under Rule 59(e) is a device to re-litigate the original

issue decided by the district court, and alleges legal error. United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003) (internal citations and quotations omitted). "A proper Rule 59(e) motion must be based on either an intervening change in controlling law, the availability of new or previously unavailable evidence, or the need to correct clear error or prevent manifest injustice." Eun Hee Choi v. Kim, No. 06-1993, 2007 U.S. App. LEXIS 28937, *9 (3d Cir. Dec. 14, 2007), citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

Where the moving party argues that the court overlooked certain evidence or controlling decisions of law which were previously presented, a court should grant a motion for reconsideration only if the matters overlooked might reasonably have resulted in a different conclusion. Cataldo v. Moses, 361 F. Supp.2d 420, 433 (D. N.J. 2004). A mere disagreement with the decision does not suffice to show that the court overlooked relevant facts or controlling law. United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D. N.J. 1999). Nor may a motion for reconsideration be used to present new legal theories, arguments or evidence which could have been offered prior to the initial entry of judgment. Federico v. Charterers Mut. Assur. Ass'n, 158 F. Supp.2d 565, 578 (E.D. Pa. 2001); Hill v. Tammac Corp., CA No. 05-1148, 2006 U.S. Dist. LEXIS 18531, *7 (M.D. Pa. Mar. 3, 2006). Granting a motion to alter or amend judgment is a

matter of discretion for the court. Hale v. Townley, 45 F.3d 914, 921 (5th Cir. 1995).

## III. **ANALYSIS**

Nowhere in his memorandum in support of the motion for to alter or amend the judgment does Defendant identify the basis of the motion. That is, he cites no intervening change in controlling law or new or previously unavailable evidence as required by Rule 59(e). The Court concludes, by process of elimination and the arguments raised in Defendant's memorandum, that the basis of the motion is to correct clear error or prevent manifest injustice. Where the basis of the motion is to correct a manifest injustice, the party must persuade the court not only that its prior decision was wrong, "but that it was clearly wrong and that adherence to the decision would create a manifest injustice." In re City of Philadelphia Litig., 158 F.3d 711, 720-721 (3d Cir. 1998).

Because Defendant duplicates the same arguments at various points in the memorandum in support of his motion, the Court has reorganized them into three categories, each of which will be addressed in turn.

### A.  Failure to Remand for Precise Calculation of the Overpayment

According to the Commissioner, the Court erred by failing to remand the matter in order to allow the Social Security Administration ("SSA") to re-calculate the precise amount of the overpayment to be recouped. He argues that "the essence of the

3

Court's decision is that there is evidence of an overpayment, but that the ALJ failed to articulate calculations regarding the amount." (Defendant's Memorandum in Support of Defendant's Motion for Relief from Order for October 22, 2007, Doc. No. 20, "Def.'s Memo," at 2.) The Commissioner further contends that this Court properly found

> that a remand for further proceedings is the correct remedy to obtain precise mathematical calculations in reaching the amount of the overpayments. . . . The Commissioner requests that the Court [a]lter or [a]mend it's [sic] judgment to remand this case for these precise calculations.

(Def.'s Memo at 3.)

Defendant also argues that such an action would satisfy the Court and Plaintiff as to how the overpayment was calculated and would not adversely harm Plaintiff. In sum, remand for the "precise calculation of the overpayment would ensure that the Agency [sic] fulfills its obligation to the public coffers, and provide the precise calculation that the District Court's decision finds lacking." (Def.'s Memo at 4-5.)[1]

In the Opinion, the Court first addressed Plaintiff's argument that because Defendant had offered numerous descriptions and calculations of the overpayment, the precise amount thereof was

---

[1] This argument conflicts somewhat with Defendant's argument elsewhere that "the issue before the ALJ was whether Plaintiff should repay the overpayment or whether the Commission should waive the overpayment, not the calculation of the overpayment." (Def.'s Memo at 3.) We agree with this statement of the issue and, as can be seen from the Opinion, the Court concentrated its analysis on this point.

4

unknown and recoupment should be waived on this basis. (Opinion at 10-17, referring to Plaintiff's argument that "inconsistency and discrepancy of actual monies received" led him to question the amount of the overpayment.) The Court noted that Defendant had the burden of showing that the recipient actually received the benefits for a specific period; the benefits were in excess of the amount to which he was entitled; and the amount of the overpayment. (Id. at 12, citing McCarthy v. Apfel, 221 F.3d 1119, 1124 (9th Cir. 2000).) We concluded (1) Defendant had failed to satisfy either the second or third prongs of this test despite at least 16 opportunities to do so and (2) we were unable to confirm the ALJ's conclusion that the differing amounts in the various letters to Mr. Hoffman from the SSA were the result of numerous adjustments, not errors in computation. (Id. at 14-16.)

As Defendant points out, the Court concluded such lack of precision would normally be cause to remand for determination of the exact amount of the overpayment and a clear explanation of why those payments were in error. However, we rejected Plaintiff's first argument that he should not be liable for repayment of the benefits *only* because no precise calculation had previously been provided. On the other hand, as clearly stated in the Opinion, the Court was persuaded by the second argument raised by Plaintiff, i.e., that recoupment should be waived as against equity and good conscience. (Id. at 17.) Because Plaintiff had a winning second

argument, we concluded there was no need for a more exact calculation of the overpayment.

We are not persuaded by Defendant's reliance on <u>Allen v. Bowen</u>, 881 F.2d 37, 43-44 (3d Cir. 1989), to support his argument that the Court should have remanded rather than reverse and award benefits. (Def.'s Memo at 4-5.)[2] In that case, the SSA was seeking remand to get additional, and possibly modified, testimony from a vocational expert regarding Allen's ability to use transferable job skills. As the U.S. Court of Appeals for the Third Circuit stated, the Commissioner was asking "for a second chance to prove his case" despite the fact that the legal standard was "plainly the law in this jurisdiction for several years prior to the hearing," the Administration was given "full opportunity to develop the administrative record," and the record was fully developed. The Court concluded that where "the claimant established a *prima facie* case of entitlement, the record was fully developed, and there is no good cause for the [Commissioner's]

---

[2] In <u>Allen</u>, the portion of the decision cited by Defendant in his memorandum addresses the question of whether the case should be remanded for further development of the record on the issue of transferable job skills. Although SSA guidelines directed the conclusion that the plaintiff was disabled, the Administration argued that remand was appropriate because at a new hearing, it could establish that Allen had skills which were not mentioned by a vocational expert who testified at the prior hearing before the ALJ. <u>Allen</u> does not establish, as Defendant seems to imply, either that "a remand would not adversely impact or harm Plaintiff" or that "the District Court should reverse and award benefits only if disability is clearly established and further delay would create injustice." (Def.'s Memo at 4-5.)

6

failure to adduce all the relevant evidence in the prior proceeding, we see no reason to remand for further fact finding" and directed that benefits be awarded. Id. at 44.

We conclude that the Commissioner here is seeking not a "second chance to prove his case," but rather, as shown in footnote 6 of the Opinion, a seventeenth chance. Defendant does not explain why he failed for almost ten years to provide the "precise mathematical calculations" of the overpayments, despite Plaintiff's numerous attempts to get such information, nor why he failed to request remand for that purpose as soon as Plaintiff filed suit in this court. Defendant's motion seeking modification of the previous Order of Court to allow remand so that the amount of the overpayment may be recalculated is therefore denied.

B. Failure to Give Proper Deference to the
ALJ's Interpretation of SSA Regulations

Defendant argues that this Court improperly rejected the ALJ's conclusion that recoupment would not be against equity and good conscience because his decision was not a legal finding, but a factual finding subject to deference by this Court. That is, the Court's "decision that recoupment would be against equity and good conscience rests upon a factual determination properly within the purview of the ALJ and supported by substantial evidence." (Def.'s Memo at 5.) Moreover, the "ALJ's factual findings were properly informed by the Agency's regulations regarding whether recoupment would be against equity and good conscience." Because the ALJ's

7

factual findings were proper, this Court should not have overturned those findings. (Def.'s Memo at 6.)

In the Opinion, the Court stated two bases for its conclusion that recoupment from Mr. Hoffman would offend equity and good conscience. First, the ALJ erred as a matter of law in his analysis of the equity and good conscience prong of the waiver test by considering Mr. Hoffman's financial assets, and second, Administration officials failed to give Plaintiff complete and clear information about how "substantial work" was determined or how and when income from that activity would be averaged, contrary to its own regulations.[3] (Opinion at 28.)

As noted in the Opinion, the Court found that the ALJ had properly considered the two regulations which apply when the issue is recoupment of overpaid benefits and the recipient is without fault in accepting those payments. (Opinion at 7-10.) We concluded however, that while the ALJ had correctly found waiver of recovery would not "defeat the purpose" of Title II of the Social Security Act because Mr. Hoffman admittedly had sufficient financial resources to reimburse the Administration for the

---

[3] Defendant does not object to this latter conclusion in his Memorandum, which the Court addressed at length in its Opinion at 32-39. As stated therein, when an individual relies on erroneous information from an SSA official regarding interpretation of a pertinent provision of the Social Security Act or the regulations, the recipient will be deemed to be without fault in accepting an overpayment. 20 C.F.R. § 404.510a. Moreover, in such a situation, "adjustment or recovery will be waived since it will be deemed such adjustment or recovery is against equity and good conscience." 20 C.F.R. § 512(a).

8

overpaid benefits, he had erred by considering those financial resources in his analysis of the "equity and good conscience" provision. (Id. at 8-10.) As stated in our discussion of this portion of the ALJ's analysis, we concluded he had erred because, contrary to SSA regulations, he relied on the fact that Mr. Hoffman had other financial resources from which the repayment could be made. (Opinion at 30, citing 20 C.F.R. § 404.509(b), which provides that "the individual's financial circumstances are not material to a finding of against equity and good conscience;" see also Tr. 26-27 for the ALJ's discussion of this prong.)

As Defendant argues, "the Commissioner's decision concerning whether Plaintiff received an overpayment is supported by substantial evidence and should not be disturbed." (Def.'s Memo at 1.) Neither is there any question that substantial evidence shows Mr. Hoffman has sufficient financial resources to repay the SSA for such overpayments. The Court believes nothing in its Opinion contradicts these two facts. Thus, if the inability to repay were only basis for denying recoupment, the Administration would be entitled demand repayment as provided by 20 C.F.R. § 404.508. (Opinion at 19-20.) But as it appears to clearly state in the regulations, the ability to repay is not material to the equity and good conscience prong of the analysis.[4] At no point in his

---

[4] We are surprised Defendant continues to ignore this regulation throughout his memorandum. For instance, he argues that "the unusual posture of this case does not lend itself to a finding that recoupment

9

memorandum does Defendant explain why the Court erred by interpreting this regulation as it did or, alternatively, why the ALJ correctly took into account Mr. Hoffman's financial assets in this portion of his analysis.

We are not persuaded by Defendant's argument that this Court must give substantial deference to the ALJ's interpretation of social security regulations, particularly interpretation of "an open-ended and potentially vague term." (Def.'s Memo at 6, *citing* Thomas Jefferson Univ. v. Shalala, 512 U.S. 504, 514-515 (1994), and Washington Dept. of Social Services v. Keffeler, 537 U.S. 371, 385, 390 (2003).) While we agree with this argument in principle, the ALJ did not *interpret* the term "equity and good conscience" in his decision. Consequently, there is nothing to which this Court must properly defer.

Finally, Defendant cites no regulation or case law for his conclusion that an ALJ's determination of whether recoupment would be against equity and good conscience is a factual finding to which this Court should give great deference. To the contrary, an ALJ's failure to follow and correctly apply the Social Security Act and/or the regulations promulgated thereunder is clearly an error

---

is against equity and good conscience. There is no question that Plaintiff *now has the ability to repay* the previously established and never appealed, overpayment." (Def.'s Memo at 5, emphasis added.) He also argues that Morales v. Apfel, 225 F.3d 310 (3d Cir. 2000), "does not stand for the proposition of judicial waiver of an undisputed overpayment where a claimant *has ample resources to return the funds* to the social security trust fund." (Id. at 7, emphasis added.)

10

of law. *See* Ambulatory Anesthesia of N.J., P.A. v. Leavitt, CA No. 04-4725, 2007 U.S. Dist. LEXIS 13355, *16 (D. N.J. Feb. 27, 2007), *citing* Binion ex rel. Binion v. Chater, 108 F.3d 780, 782 (7th Cir. 1997) for the proposition that an ALJ's "[c]onclusions of law are not entitled to deference, . . . so if the Commissioner commits an error of law, reversal is required without regard to the volume of evidence in support of the factual findings." It was, and still is, the opinion of this Court that the ALJ erred as a matter of law by impermissibly considering Plaintiff's assets in evaluating 20 C.F.R. § 404.509. Defendant's motion seeking alteration of the judgment on this basis is therefore denied.

C. The Court Erred by Waiving All Recoupment

Defendant argues that judicial waiver of "a proper overpayment" is inappropriate if the only basis for doing so is "administrative difficulties." His position is that if the Court believes the ALJ's decision is "inadequate," the proper course of action would be to remand, not waive the overpayment on behalf of "a claimant with a clear and unequivocal ability to return funds to the social security trust fund." (Def.'s Memo at 4.) Furthermore, to the extent that the Court relied on Morales v. Apfel, 225 F.3d 310, 320 (3d Cir. 2000), for its conclusion that benefits should be awarded without further remand due to "inexplicable delays" in resolving this matter, such a basis is inappropriate "considering the enormity of the social security program, as well as the monthly

11

monitoring and calculations required for this individual Plaintiff." (Def.'s Memo at 7-8.)[5]

As discussed above, the Court did not find the ALJ's decision, "inadequate," it found the decision erroneous as a matter of law for failure to properly apply 20 C.F.R. §§ 404.509(b), 404.510a, and 404.512(a). As also discussed above, we find Defendant's arguments about Mr. Hoffman's "ability to return funds" unavailing since the basis of the Court's decision was that allowing the SSA to recoup funds under all the facts and circumstances of this case would be against equity and good conscience. Finally, we are not persuaded by the argument that this case should be remanded because the SSA faces "administrative difficulties" in managing an enormous and complex bureaucracy. As Plaintiff notes, while "this nationwide 'mountain' of a program" must address many obstacles, the Administration has "far more resources" than he and "all the information." (Plaintiff's Response to Defendant's Motion, Doc. No. 23, at 1.) To permit the Administration to take yet another

---

[5] Defendant also contends in passing that he cannot comply with the order to return funds recouped since 1998 because the record does not adequately disclose the necessary facts on this issue. (Def.'s Memo at 1.) In its Opinion, the Court discussed the fact that according to evidence in the record, Mr. Hoffman reimbursed the SSA for benefits paid between April and October 1994 in the amount of $1,566.00, but other evidence which was not part of the administrative record before the ALJ and consequently, not within this Court's purview on appeal, showed that reimbursements totaled $1,970.30. (Opinion at 15 and note 9.) We are confident that the amount in question can be readily determined on remand since all reimbursements appear to have been made by withholdings from Mr. Hoffman's monthly benefit payments only during the period January through June 1998.

bite at the apple on this basis would be to condone practices which allowed this situation to remain unresolved for an unconscionable period of time.

As discussed at length in the Opinion, the record shows that in late 1997, when the Administration first advised Plaintiff that there had been an overpayment of benefits for the period April through October 1994, Mr. Hoffman did not question that conclusion and agreed to have the overpayment reimbursed by withholding part of his monthly benefits. (Opinion at 3.) When advised in July 1998 that the amount to be reimbursed had increased from some $3,100 to almost $15,600, he repeatedly sought but never received an explanation for this calculation. In fact, after March 1999, despite promises that SSA representatives would contact him "later" after they followed through to "try to find out what was going on," he received no other communication for more than four years. (Opinion at 3-4; 34-38.) Even then, the explanations given were inconsistent and incomplete. As the Third Circuit Court of Appeals has noted, "It should go without saying, but apparently bears repeating, that claimants seeking Social Security disability benefits deserve better." Cadillac v. Barnhart, No. 03-2137, 2003 U.S. App. LEXIS 24888, *3 (3d Cir. Dec. 10, 2003).

As the Court of Appeals has also stated, there are some circumstances in which it would "be grossly unfair" to give the Commissioner another chance to correct numerous errors of law or

procedure. Podedworny v. Harris, 745 F.2d 210, 223 (3d Cir. 1984) (where the plaintiff had waited five and a half years for resolution of his claim.) Although Defendant appears to believe this case would be resolved simply if Mr. Hoffman were provided with the correct calculation of the overpayment, the true issue is the ALJ's failure to apply properly the regulations regarding recoupment, regardless of the amount. Granted, as we repeatedly noted, there has been little guidance from the Third Circuit Court of Appeals on the question of how broadly the phrase "against equity and good conscience" should be interpreted, but it seems clear, at least to this Court, that Plaintiff's assets should not have been considered in this portion of the ALJ's analysis. We are of the firm belief that had the ALJ properly applied the law, the Administration would have been directed to waive recoupment; consequently, the amounts Mr. Hoffman previously repaid should also be returned to him.

Defendant's motion to alter or amend the judgment of October 23, 2007, is denied. An appropriate Order follows.

William L. Standish
United States District Judge

cc: Charles Hoffman, *pro se*
c/o Joseph R. Kirby
1161 Gates Hill Road
Summerhill, PA 15958

14

John J. Valkovci, Jr.
United States Attorney's Office
319 Washington Street
Room 224, Penn Traffic Building
Johnstown, PA 15901
Email: john.valkovci@usdoj.gov